UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MARK KIRKLAND,**

   Plaintiff,

   v.                                             **No. 4:26-cv-00015-P**

**TIM O'HARE, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are Defendants' Motions to Dismiss ("Motions"). ECF Nos. 7 and 8. Having considered the Motions, Briefs, and applicable law, the Court concludes the Motions should be and are hereby **DENIED.**

## BACKGROUND

On December 9, 2025, Plaintiff attended an open meeting of the Tarrant County Commissioners Court ("Commissioners Court"), which is the governing body for Defendant Tarrant County. ECF No. 1 at 4–6. Plaintiff registered to speak during the public comment period associated with agenda item F1. ECF No. 1 at 6. Defendant Tim O'Hare ("Judge O'Hare"), County Judge of the Commissioners Court, briefly shushed applause from the audience following the previous speaker's remarks on agenda item F1. TARRANTCOUNTYTX, *Commissioners Court: December 9th 2025*, at 02:00:25 (YouTube, Dec. 9, 2022), https://www.youtube.com/live/QeM8cmlSbZk?si=yXznLXvxsk5k BWzS&t=7231.[1] Plaintiff does not allege that he was clapping or that

---

[1]Plaintiff included the link to the YouTube recording of the December 9, 2025, Tarrant County Commissioners Court meeting in his complaint. ECF No. 1 at 6, n. 3. No objections were lodged to the authenticity of the video.

anyone was reprimanded or removed from the meeting for clapping. *See id.* at 02:00:25–02:00:35; ECF No. 1 at 4–8, 10–12.

Judge O'Hare called Plaintiff to give his remarks to the Commissioners Court. TARRANTCOUNTYTX, *Commissioners Court: December 9th 2025*, at 02:00:32. Plaintiff began by remarking, "Lord, I live in America where people cannot clap. That is insane to me." *Id.* at 02:00:33–02:00:41. Judge O'Hare stopped Plaintiff's remarks, telling him, "Your time is done. Sit down. Go. It's not commentary on how we run the court. Your comments are limited to this item. Take a seat, you're not talking on this one." *Id.* at. 02:00:41–02:00:56. Judge O'Hare then called the next speaker. *Id.* at 02:00:56–02:01:20.

The next speaker discussed agenda item F1 and began by clearing his throat and apologizing for his sinuses—Plaintiff alleges this speaker was off topic. ECF No. 1 at 7; TARRANTCOUNTYTX, *Commissioners Court: December 9th 2025*, at 02:00:20. During his remarks, this speaker also said that Plaintiff's First Amendment rights had been violated. TARRANTCOUNTYTX, *Commissioners Court: December 9th 2025*, at 02:01:42–02:01:50. Judge O'Hare allowed this speaker to finish without interruption. *Id.* at 02:01:20–02:02:15. Later in the meeting, the same speaker heavily criticized the Commissioners Court's inclusion of an item on the consent agenda but accidentally spoke about the wrong agenda item. *Id.* at 02:40:46–02:42:19. Judge O'Hare permitted the speaker to continue for about one minute before realizing the speaker was off topic and correcting him. *Id.* The speaker then continued talking about the correct agenda item. *See id.* at 02:42:19–02:43:55.

Plaintiff has not provided the Court with the full text of the Rules of Decorum in effect on December 9th, 2025. *See* ECF No. 1 at 5–8, 10–11, 14. According to Plaintiff, the policy bans "personal attacks, impertinent, profane, obscene, or slanderous remarks" and any "actions of approval or disapproval from the audience, such as . . . clapping . . . except that orderly clapping during the Proclamations, Resolutions, and Presentations section of the agenda is permissible." *See* ECF No. 1 at 6–7 (omissions in original).

2

Plaintiff filed his Complaint against Tarrant County and Judge O'Hare on January 7, 2026. ECF No. 1. Plaintiff sues Judge O'Hare in both his personal and official capacities. ECF No. 1 at 2. The complaint, in short, alleges that Defendants deprived him of his First Amendment right to free speech by cutting short his speaking time at the December 9, 2025 Commissioners Court meeting. ECF No. 1 at 9–14. Plaintiff raises 42 U.S.C. § 1983 claims for alleged constitutional violations against both Defendants and asserts *Monell* liability claims against Tarrant County. ECF No. 1 at 9–14. Plaintiff also raises claims under the Texas Constitution and mentions Texas Government Code §551.007(e). ECF No. 1 at 12–14. Lastly, Plaintiff alleges the local Rules of Decorum are facially unconstitutional. ECF No. 7 at 9. Plaintiff prays for punitive damages and attorney's fees as relief. ECF No. 1 at 16. On March 6, 2026, Judge O'Hare filed his Motion to Dismiss. ECF No. 7. Tarrant County filed its Motion to Dismiss the same day. ECF No. 8. Now that the Court has received briefing on the Motions, they are ripe for review.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto Ins.*,

3

509 F.3d 673, 675 (5th Cir. 2007). However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted). Specifically, "where video recordings are included in the pleadings . . . the video depictions of events, viewed in the light most favorable to the plaintiff, should be adopted over the factual allegations in the complaint if the video blatantly contradict[s] those allegations." *Anderson v. Estrada*, 140 F.4th 634, 642 (5th Cir. 2025) (citations and internal quotation marks omitted).

### B. Section 1983

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States, and the defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

## ANALYSIS

Plaintiff's complaint, in short, alleges that Defendants deprived him of his First Amendment right to free speech by cutting short his speaking time at the December 9, 2025, Commissioners Court meeting. ECF No. 1 at 9–14. Central to this argument is a question of the constitutionality of the Rules of Decorum, which Plaintiff claims are facially unconstitutional. Viewing the rules in light of the last two

4

hundred years of American legal history and precedent, it is unclear why the Rules are subject to questioning now. *Cf.* ROBERT'S RULES OF ORDER NEWLY REVISED 648, 11th ed. 2013 ("The assembly has the right to protect itself from annoyance by nonmembers ... [a]t a mass meeting, any person who attempts to disrupt the proceedings in a manner obviously hostile to the announced purpose of the meeting can be treated as a nonmember under the provisions of this paragraph."). Nevertheless, the Fifth Circuit recently found similar Rules of Decorum in Bossier City, Louisiana to be unconstitutionally ambiguous. *Merriott v. City of Bossier City,* No. 25-30325, 2026 LX 365894 at *7 (5th Cir. 2026). The Bossier City Rules read: "Any person making ***personal, impertinent or slanderous remarks*** or who ***shall become boisterous*** while addressing the Council shall be forthwith, by the President Pro-tem, ***barred from further audience before the Council***." *Id.* at *1. (emphasis in original).

The Fifth Circuit's opinion is somewhat puzzling, as it appears to require a Cartesian level of certainty regarding the definition of words used pragmatically to maintain order and a civilized courtroom setting. Gone are the days, it appears, that people understand what is socially acceptable in a public meeting. Instead, we must define expectations to a level of clarity required by children, presumably because our citizens are too childish to understand the plain meaning of "personal," "impertinent," "slanderous," and "boisterous."

Regardless of the Fifth Circuit's view of our citizens' intelligence, in its own wisdom, it discerned that pedanticism ought to be favored over practical wisdom and the need for judicial discretion within the courtroom setting. Although this Court sympathizes with Defendants' outrage, the Court is bound by the Fifth Circuit's legal interpretations and, as is expected by both trained legal experts and average citizens, must conform to the opinion's plain meaning. *See Merriott*, 2026 LX 365894; *see also Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 845 (N.D. Tex. 2020) (Pittman, J.) (the district court "has no authority or discretion to diverge from Fifth Circuit precedent"). Here, the Tarrant County Rules of Decorum bans "personal attacks, impertinent, profane, obscene, or slanderous remarks." See ECF No. 1

at 6–7 (omissions in original). While the Bossier City and Tarrant County Rules of Decorum use similar language, the Court hopes that arguments can be made rejecting such an interpretation.[2]

As the Court must resolve multiple questions of law and fact to make a determination, the Parties' arguments are better suited for summary judgment or trial. Consequently, the Motions (ECF Nos. 7, 8) are **DENIED**.

## CONCLUSION

For the above reasons, the Court **DENIES** the Motions to Dismiss.

**SO ORDERED** on this **13th day of July 2026.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2]"Freedom of speech is a principal pillar of a free government." Benjamin Franklin, *On Freedom of Speech and the Press*, PA. GAZETTE, Nov. 17, 1737. But, while the First Amendment strongly protects expressive freedoms, courts have long recognized reasonable, viewpoint-neutral restrictions can be imposed in limited public forums, such as commissioner's court meetings. Such restrictions do not erode free speech because individuals remain free to express their views through alternative channels, including traditional public forums, private property, and digital platforms. Otherwise, public meetings would devolve into utter chaos and grandstanding rather than accomplishing the work of the people. Surely, this is not what the founders envisioned when the First Amendment was adopted. *See Heffron v. International Society for Krishna Consciousness*, 452 U.S. 640, 647 (1981) ("The First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired.").