**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MARK KIRKLAND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-15-P** |
| | § | |
| **TIM O'HARE, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANTS' MOTION FOR RECONSIDERATION REGARDING MEMORANDUM
OPINION AND ORDER (ECF. 21) AND BRIEF IN SUPPORT**

---

Defendants Tim O'Hare and Tarrant County, by and through the undersigned counsel, bring this Motion for Reconsideration Regarding Memorandum Opinion and Order. ECF. No. 21. In support of this Motion, Defendants Tim O'Hare and Tarrant County state the following:

## I.    **INTRODUCTION**

Defendants respectfully move this Court to reconsider and vacate its previous Order dated July 13, 2026 (ECF No. 21), denying Defendant Tim O'Hare's Motion to Dismiss Plaintiff's Complaint (ECF No. 7) and Defendant Tarrant County's Motions to Dismiss Plaintiff's Complaint (ECF No. 8).

Plaintiff Mark Kirkland ("Kirkland") sued Defendants Tarrant County (the "County") and Tarrant County Judge Tim O'Hare ("O'Hare"), in his personal and official capacities, under Art. I §§ 3, 18, 19, and 27 of the Texas Constitution and pursuant to 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Services,* 436 U.S. 658 (1978) for violation of his First and Fourteenth Amendment rights. ECF No. 1, ¶¶ 1, 62.

1

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (internal quotations marks omitted). Rule 54(b) is flexible and reflects the inherent power of district courts to afford relief from interlocutory orders "as justice requires." *Id*. at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

## III.     GROUND FOR RECONSIDERATION

### A.     Kirkland's Facial Challenge

A party seeking to challenge the constitutionality of a statute generally must show that the statute violates the party's own rights. *New York v. Ferber*, 458 U.S. 747, 767 (1982). Facial challenges to a statute or, in this case, a purported policy are "disfavored" by the courts. *Moody v. Net Choice*, LLC, 603 U.S. 707, 723 (2024). Even in a facial challenge under the First Amendment, challengers face a heavy burden. *Id*. at 723. A proper First Amendment facial challenge proceeds in two steps. The first step is to determine every hypothetical application of the challenged law. *Id*. at 724-25. The second step is "to decide which of the laws' applications violate the First Amendment, and to measure them against the rest." *Id*. at 725. If the law's unconstitutional applications substantially outweigh its constitutional ones, then, and only then, is the law facially unconstitutional. *Id*. at 725-26.

Kirkland makes repeated conclusory declarations that the TCCC Rules of Decorum are facially unconstitutional. *See, e.g.,* ECF No. 1, ¶ 31 ("Defendant O'Hare knew or should have

2

known that his "rules of decorum" were facially unconstitutional."); ECF No. 1, ¶ 53 ("Defendant O'Hare enforced unconstitutional "rules of decorum" that prohibit criticism of public officials and the use of expressive speech like clapping). However, Kirkland made no attempt in his Complaint to undertake the required two-step analysis or to explain how the rules of decorum are facially unconstitutional. *See generally* ECF No. 1, ¶¶ 48-81. Kirkland did not address his facially unconstitutional claim at all in his response to the County's Motion to Dismiss. *See generally* ECF No. 13. In his response to O'Hare's Motion to Dismiss, Kirkland only alleged that his Complaint challenged the prohibition on "personal attacks and impertinent remarks" and the prohibition on clapping (except during designated portions of the agenda), as a "content-based restriction that fails constitutional scrutiny." *See* ECF No. 12, PageID 102-104. Further, as the Court correctly noted in its Memorandum Opinion and Order, Kirkland has alleged the facial unconstitutionality of the TCCC's Rules of Decorum but failed to provide the Court with the text of the Rules of Decorum that he alleges are unconstitutional. ECF No. 21, PageID 186.

Kirkland's facial challenge is contrasted with the plaintiff's facial challenge in *Merriott v. City of Bossier City*, which did meet pleading standards. *See Merriott v. City of Bossier City*, No. 25-30325, 2026 WL 1830752 at *5 (5th Cir. June 25, 2026)) ("Because Merriott has raised multiple potential applications of the Policy that are distinct from [his] own situation, the rights he asserts are not essentially coterminous with third parties', and we may proceed to the merits of his overbreadth challenge") (cleaned up). As a result, Kirkland failed to sufficiently plead a facial constitutional challenge to the TCCC's Rules of Decorum under established pleading requirements and the Court should reconsider and dismiss his claim.

## B.    O'Hare's Qualified Immunity

In his Motion to Dismiss Plaintiff's Complaint and Brief in Support, Defendant Tim O'Hare asserted the defense of qualified immunity, arguing that Kirkland's Complaint failed to

3

state a violation of a clearly established constitutional right. ECF No. 7, PageID 47–51. However, the Court's Order denying the Motion did not address, analyze, or rule upon Defendant O'Hare's entitlement to qualified immunity. *See* ECF No. 21.

Qualified immunity protects government officials performing discretionary functions from civil liability and the burdens of litigation "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Public officials sued in their personal capacities are presumed to enjoy qualified immunity, which is immunity from suit rather than from liability. *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022). The Supreme Court has repeatedly emphasized that qualified immunity questions should be resolved "at the earliest possible stage in litigation." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Davis v. Scherer*, 468 U.S. 183, 195 (1984); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Malley v. Briggs*, 475 U.S. 335, 341, (1986); *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6 (1987). The Fifth Circuit recently held that, "[w]hen a district court allows litigation to proceed without adjudicating a qualified immunity defense at the earliest possible stage of litigation, the resulting order is immediately appealable, even if the district court does not expressly address qualified immunity in its order. *Wertenbroch v. Hardeman*, 178 F.4th 186, 192 (5th Cir. 2026).

Defendant O'Hare timely asserted qualified immunity in his Rule 12(b)(6) motion. The Court's subsequent Order, while denying the motion broadly, omitted any mention or analysis of whether Kirkland's allegations overcame the two-pronged qualified immunity framework: (1) whether a constitutional violation occurred, and (2) whether the right was clearly established at the time of the alleged conduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citation omitted).

Because qualified immunity is an immunity from suit rather than a mere defense to liability, a district court's failure to address it leaves an individual-capacity defendant facing the exact burdens of litigation that the doctrine is designed to prevent. Without a ruling on qualified immunity, O'Hare is deprived of his right to avoid the burdens of discovery and trial. Accordingly, O'Hare requests that the Court reconsider its interlocutory order, evaluate the threshold defense of qualified immunity, find he is entitled to qualified immunity, and thereafter dismiss the claims against him.

### C.    Official Capacity Claims Against O'Hare

Kirkland sued O'Hare not only in his personal capacity but also in his official capacity, alleging an unconstitutional *Monell* policy, practice, or custom. ECF No. 1, ¶¶ 6, 64–75. However, the Court, in its Memorandum Opinion & Order, did not address the defense raised by O'Hare in his Motion to Dismiss Plaintiff's Complaint and Brief in Support. ECF 7, PageID 51–52.

Personal capacity suits seek to impose liability upon a government official as an individual while official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). It is well-settled law that official capacity claims against individual government employees are redundant claims against the employing government agency. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, supra, local government units can be sued directly for damages and injunctive or declaratory relief."). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky*, 473 U.S. at 166 (citation omitted).

Because long-standing precedent establishes that Kirkland's official capacity claims against O'Hare are redundant claims against the County, the Court should reconsider its prior Order and dismiss the official-capacity claims against O'Hare.

**D.     Kirkland's *Monell* Claim Against the County**

Kirkland brought a *Monell* claim against the County as well as alleging that the Rules of Decorum of the Tarrant County Commissioners Court ("TCCC") were facially unconstitutional. ECF No. 1, ¶¶ 64-75. The Court, in its Memorandum Opinion and Order, relied on the recent Fifth Circuit decision in *Merriott v. City of Bossier City* in denying O'Hare and the County's Motions to Dismiss. *See* ECF No. 21, PageID 189–190 (citing *Merriott v. City of Bossier City*, No. 25-30325, 2026 WL 1830752 (5th Cir. June 25, 2026)). The Court did not address the merits of Defendants' Motion to Dismiss on *Monell* grounds, however. Properly construed, the Fifth Circuit's opinion in *Merriott* does not demand a denial of the Defendants' Motions to Dismiss in their entirety. While *Merriott* did hold that the rules of decorum of Bossier City's city council were *facially* unconstitutional for being vague and overbroad due to their prohibition on "personal, impertinent, or slanderous remarks" the *Monell* claim brought by Kirkland is not implicated by the *Merriott* decision because Kirkland's speaking time was suspended for speaking off-topic, which the Fifth Circuit has not ruled impermissible. *See* ECF 21, PageID 186 (O'Hare: "It's not commentary on how we run the court. Your comments are limited to this item").

Further, even assuming *arguendo* that the TCCC's Rules of Decorum are ultimately facially unconstitutional under *Merriott,* or at least in part, Kirkland has entirely failed to plead the essential elements required to establish municipal liability under *Monell*. Accordingly, Defendants request the Court reconsider its prior order, address the County's defenses under *Monell,* and dismiss Kirkland's *Monell* claim against the County.

E.     **Parallel Claims**

Reconsideration and dismissal are warranted here because the material legal questions governing this case are currently pending appellate review before the Fifth Circuit in a factually similar action brought by the same attorney representing Kirkland, but in a pro se capacity. *See Grisham v. O'Hare,* No. 26-10335 (5th Cir. filed April 14, 2026)*.* In both the present lawsuit and the parallel action now on appeal, the core constitutional challenges directly target the Tarrant County Commissioners Court Rules of Decorum and the County and Judge O'Hare's authority to maintain order and enforce restrictions within a limited public forum. *See Grisham v. O'Hare*, No. 4:25-cv-00716-Y, ECF No. 17 (N.D. Tex. Oct. 23, 2025); *Kirkland v. O'Hare*, No. 4:26-cv-00015-P, ECF No. 1 (N.D. Texas January 7, 2026). The Court previously denied Defendants' motions to dismiss by relying on *Merriott*; however, C.J. Grisham's (Kirkland's counsel) First Amendment case challenging these exact decorum policies was dismissed under Federal Rule of Civil Procedure 12(b)(6) by Judge Terry R. Means on April 6, 2026, in *Grisham v. O'Hare*, No. 4:25-cv-00716, ECF Nos. 27, 28, 29 (N.D. Tex. Apr. 8, 2026). Because that dismissal is now actively pending before the Fifth Circuit, allowing this litigation to proceed risks conflicting outcomes, creates severe inefficiencies, and runs counter to the principles of judicial economy regarding the binding appellate decision that will ultimately define the scope of permissible decorum rules for this exact forum. To promote judicial economy and avoid parallel, overlapping adjudications regarding the same rules and the same legal counsel, this Court should reconsider its previous order and dismiss the claims against O'Hare and Tarrant County.

F.     <u>**Interlocutory Appeal**</u>

Should the court decline to dismiss the claims against O'Hare and Tarrant County, Defendants request the court enter an order denying each of their defenses, including O'Hare's

7

qualified immunity defense, so that Defendants may properly avail themselves of their appellate rights. Defendants further request that, should the court deny the Motion for Reconsideration, the Court enter an immediate stay pursuant to *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) until the immunity issue is definitively resolved.

## IV.    CONCLUSION

Reconsideration by the Court of its prior Memorandum Opinion and Order (ECF No. 21) denying Defendants' motions to dismiss is warranted and serves the interests of justice. O'Hare moves this Court to evaluate his previously asserted defense of qualified immunity and enter an order dismissing all individual and official-capacity claims against him with prejudice. The County similarly moves this Court to evaluate the *Monell* claim asserted against it and enter an order dismissing the *Monell* claim against it with prejudice. Finally, Defendants move the Court to reconsider and find Kirkland's facial challenge to the TCCC Rules of Decorum as insufficiently pleaded and dismiss Kirkland's claim.

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Tim O'Hare and Tarrant County pray the Court grant this Motion for Reconsideration and dismiss the claims against them with prejudice. Should the Court decline to dismiss the claims, Defendants request the Court enter an order denying the qualified immunity defense and all other defenses raised by Defendants on the merits and immediately stay all discovery pursuant to *Carswell* to protect Defendants from the burdens of discovery.

Respectfully submitted,

/s/ *Taylor J. Harris*
**Katherine E. Owens**
State Bar No. 24081683

keowens@tarrantcountytx.gov
**Taylor J. Harris**
State Bar No. 24078638
tjharris@tarrantcountytx.gov
Assistant Criminal District Attorneys
**PHIL SORRELLS**
**CRIMINAL DISTRICT ATTORNEY**
**TARRANT COUNTY, TEXAS**

Tarrant County Criminal District Attorney's
Office Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1409 – Telephone
817-884-1675 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**TIM O'HARE**

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, I served a copy of the above document on all counsel of record via ECF.

/s/ Taylor J. Harris
**TAYLOR J. HARRIS**

## CERTIFICATE OF CONFERENCE

I certify that on July 16, 2026, I attempted to confer with opposing counsel for Mark Kirkland, C.J. Grisham and Jason C.M. Smith by phone and email, regarding the merits of this motion. Despite diligent efforts, I was unable to confer with CJ Grisham, and Jason C.N. Smith indicated that he was opposed to the Motion. Therefore, pursuant to Local Rule 7.1(b)(3), this motion is presented to the Court and presumed to be opposed.

/s/ Taylor J. Harris
**TAYLOR J. HARRIS**

9