UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MARK KIRKLAND,**

Plaintiff,

v. **No. 4:26-cv-00015-P**

**TIM O'HARE, ET AL.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are: (1) Defendants' Motion for Reconsideration of Memorandum Opinion and Order (ECF Nos. 21, 23); and (2) Defendants' Supplemental Briefing Regarding Stay and Administrative Closure (ECF No. 27). Having considered the filings and relevant law, the Court will **GRANT** the Motion to Reconsider, **GRANT in part** Defendant O'Hare's Motion to Dismiss, and **STAY** the remaining claims for the reasons detailed below.

## BACKGROUND

On December 9, 2025, Plaintiff attended an open meeting of the Tarrant County Commissioners Court ("Commissioners Court"), which is the governing body for Defendant Tarrant County. ECF No. 1 at 4–6. Plaintiff registered to speak during the public comment period associated with agenda item F1. ECF No. 1 at 6. Defendant Tim O'Hare ("Judge O'Hare"), County Judge of the Commissioners Court, briefly shushed applause from the audience following the previous speaker's remarks on agenda item F1. TARRANTCOUNTYTX, *Commissioners Court: December 9th 2025*, at 02:00:25 (YouTube, Dec. 9, 2022), https://www.youtube.com/live/QeM8cmlSbZk?si=yXznLXvxsk5kBWzS&t=7231.

After Judge O'Hare called Plaintiff to begin, Plaintiff began by remarking, "Lord, I live in America where people cannot clap. That is insane to me." TARRANTCOUNTYTX, *Commissioners Court: December 9th*

*2025*, at 02:00:32–02:00:41. Judge O'Hare stopped Plaintiff, telling him, "Your time is done. Sit down. Go. It's not commentary on how we run the court. Your comments are limited to this item. Take a seat, you're not talking on this one." *Id.* at. 02:00:41–02:00:56.

According to Plaintiff, the Rules of Decorum ban "personal attacks, impertinent, profane, obscene, or slanderous remarks" and any "actions of approval or disapproval from the audience, such as . . . clapping . . . except that orderly clapping during the Proclamations, Resolutions, and Presentations section of the agenda is permissible." *See* ECF No. 1 at 6–7 (omissions in original).

Plaintiff filed his Complaint against Tarrant County and Judge O'Hare on January 7, 2026. ECF No. 1. Plaintiff sues Judge O'Hare in both his personal and official capacities. ECF No. 1 at 2. The complaint, in short, alleges that Defendants deprived him of his First Amendment right to free speech by cutting short his speaking time at the December 9, 2025, Commissioners Court meeting. ECF No. 1 at 9–14. Plaintiff raises 42 U.S.C. § 1983 claims for alleged constitutional violations against both Defendants and asserts *Monell* liability claims against Tarrant County. ECF No. 1 at 9–14. Plaintiff also raises claims under the Texas Constitution and mentions Texas Government Code § 551.007(e). ECF No. 1 at 12–14. Plaintiff prays for punitive damages and attorney's fees as relief. ECF No. 1 at 16. On March 6, 2026, Judge O'Hare filed his Motion to Dismiss. ECF No. 7. Tarrant County filed its Motion to Dismiss the same day. ECF No. 8.

On July 13, 2026, this Court denied both motions. ECF No. 21. Shortly thereafter, Defendants moved the Court to reconsider its denial of the motions to dismiss because, among other things, the Court did not address Judge O'Hare's asserted defense of qualified immunity. ECF No. 23 at 3–4. Plaintiff opposes this argument, and the others raised by Defendants.[1] ECF No. 26 at 1 ("There is nothing to reconsider."). On

[1]The Court is extremely disturbed by the language and tone used in Plaintiff's filings, both to the Court and towards opposing counsel. Plaintiff's counsel has already failed to comply with Local Rule 83.10 and is dangerously close to violating his obligations under *Dondi Properties Corporation v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988). Should such behavior persist in new

July 17, 2026, the parties briefed the issue of whether the litigation should continue while a closely related case involving similar facts, legal issues, and parties awaits review by the Fifth Circuit. ECF Nos. 27, 28; *Grisham v. O'Hare*, No. 26-10335 (5th Cir. filed April 14, 2026). Defendants urge the Court to "stay and administratively close this case pending the United States Court of Appeals for the Fifth Circuit's upcoming review of a related companion case," ECF No. 27 at 1, and Plaintiff opposes this position by arguing that Defendants have not met their burden, ECF No. 28 at 2. Now that both issues have been fully briefed, the Motion to Reconsider is ripe for review and the issue of staying the case has been fully briefed.

## LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 54(b)

Under Rule 54(b), any order which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Rule 54(b) permits the Court to "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). The flexibility of Rule 54(b) reflects the "inherent power" of district courts to afford relief from interlocutory orders "as justice requires." *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

### B. The Court's Authority to Stay

Like district courts' power to afford relief under Rule 54(b), district courts also have a similar "inherent power" to "control the disposition of the causes on its docket with economy of time and effort for itself, for

---

filings, the Court will sanction counsel without further notice, up to and including forbidding him from practice in the Northern District.

counsel, and for litigants." *Kerns v. Dickson*, No. 25-40349, 2026 WL 396358, at *9 (5th Cir. Feb. 12, 2026) (quoting *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005)); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Incidental to this power is the power to stay proceedings. *Landis*, 299 U.S. at 254. However, despite trial courts' "wide discretionary power to stay proceedings," such stays cannot be "immoderate or of an indefinite duration." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

While it is true that only in rare cases should a litigant be compelled to stand aside while a litigant in another cause settles a rule of law, "[c]onsiderations such as these" are not "limitations upon power" but rather "counsels of moderation." *Id.* Accordingly, a court is within its discretion to grant a stay when a related case is pending before a court of appeals with substantially similar issues. *Landis*, 299 U.S. at 254 ("[W]e find ourselves unable to assent to the suggestion that . . . the parties to the two causes must be shown to be the same and the issues identical."). In determining whether a stay is proper, courts must "consider the interests of the parties and potential conservation of judicial resources." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015); *Landis*, 299 U.S. at 254–55 (calling for trial courts to "weigh competing interests and maintain an even balance").

## ANALYSIS

The Court will first examine the Motion to Reconsider. The Court will then turn to the portion of Defendants' Motion to Dismiss pertaining to Judge O'Hare's qualified immunity. Lastly, the Court will determine whether a stay is warranted under the circumstances.

### A. The Court will reconsider Judge O'Hare's qualified immunity.

Because qualified immunity deals with "immunity from suit" rather than "mere defense to liability," it presents "threshold questions" that must be "resolved as early in the proceedings as possible." *Wertenbroch v. Hardeman*, 178 F.4th 186, 190 (5th Cir. 2026) (quoting *Pearson v.*

*Callahan*, 555 U.S. 223, 237 (2009) and *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)).

Therefore, the Court **GRANTS** Defendants' Motion to Reconsider to consider only Judge O'Hare's qualified immunity defense to Plaintiff's First Amendment claim.

**B. Plaintiff fails to overcome Judge O'Hare's qualified immunity.**

Plaintiff fails to show that Judge O'Hare's actions were objectively unreasonable in light of clearly established law. He does not cite case law that "squarely governs" the facts in this case or analyze the reasonableness of O'Hare's actions beyond conclusory assertions in his complaint. *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The qualified immunity inquiry involves two prongs that the Court must answer affirmatively before an official is subject to liability: (1) whether the facts alleged constitute a violation of a constitutional right and (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Id.* at 232. The second prong is "better understood as two separate inquiries: whether the allegedly violated constitutional right was clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in light of that then clearly established law." *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (citation and internal quotation marks omitted).

At the pleading stage, the plaintiff carries the burden to identify facts which, if proven, defeats the claim of immunity. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citation omitted). District courts have discretion to decide which qualified immunity prong should be analyzed

first "in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

Here, Plaintiff does not plausibly allege that Judge O'Hare's actions were objectively unreasonable in light of specific, clearly established law. Thus, he cannot overcome Judge O'Hare's qualified immunity. First, however, the Court must analyze whether the forum is a limited public forum.

1. <u>The County Commissioners meeting is a limited public forum.</u>

The standards applied in determining "whether a State has unconstitutionally excluded a private speaker from use of a public forum depend on the nature of the forum." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001) (citing *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)). There are three categories of forums: "(1) traditional and designated public forums; (2) limited public forums; and (3) nonpublic forums." *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 757–58 (5th Cir. 2010).

A limited public forum provides for "public expression of particular kinds or by particular groups." *Id.* at 758 (quotation omitted). Public meetings of city councils and other public bodies are generally limited public forums "for the limited time and topic of the meeting." *Id.* at 759 (quotation omitted); *see Heaney v. Roberts*, 147 F. Supp. 3d 600 (E.D. La. 2015), *aff'd in part, dismissed in part,* 846 F.3d 795 (5th Cir. 2017) (city council meeting); *Fairchild*, 597 F.3d at 759 (school board meeting). Such meetings follow a set agenda and provide limited public comment time connected with specific agenda items. *See Fairchild*, 597 F.3d at 759.

Here, the County Commissioners meeting "fits the hornbook definition of a limited—not designated—public forum." *Id.* at 759.[2] The

---

[2] Confusingly, Plaintiff seems to concede this point in his complaint, then both concedes and disputes it in his brief. *Compare* ECF No. 1 at 11 ("Plaintiff has a First Amendment right to express himself on matters of public concern in a limited public forum . . . such as a County Commissioners Court Meeting.") *and* ECF No. 12 at 3 ("Defendant argues that the Tarrant County Commissioners Court is a limited public forum . . . Plaintiff does not dispute

County Commissioners meeting here is much like the meetings in *Heaney* and *Fairchild*. It followed a set agenda and included designated, limited time for comments about specific agenda items. It is a limited public forum because it is a limited space that allows public expression "for the limited time and topic of the meeting." *Fairchild*, 597 F.3d at 759.

2. Plaintiff does not point to clearly established law that squarely governs the facts at hand.

Even if Plaintiff properly alleged that Judge O'Hare's actions violated a constitutional right, Plaintiff fails to point to clearly established law supporting such a right.

To overcome qualified immunity, the plaintiff must show that the alleged right was clearly established based on existing precedent that "squarely governs the specific facts at issue." *Garcia*, 957 F.3d at 600. To be clearly established, the existing precedent must have "placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The plaintiff must allege the constitutional violation "with specificity and granularity." *Morrow v. Meachum*, 917 F.3d 870, 875 (5th Cir. 2019). Generally, this means the plaintiff must identify "a case in which an officer acting under similar circumstances was held to have violated the [Constitution], and . . . explain[] why the case clearly proscribed the conduct of that individual officer." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020). The plaintiff bears this burden because the plaintiff "bears the burden to demonstrate the inapplicability of the qualified immunity defense." *Biggers v. Massingill*, No. 4:23-CV-00359-P, 2026 WL 1346923, at *11 n.7 (N.D. Tex. May 14, 2026) (citing *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021)).

---

this argument") *with* ECF No. 12 at 4 ("Plaintiff disputes that the forum is a 'limited public forum' anyway based on the rules of decorum").

Thus, a plaintiff does not overcome qualified immunity by citing "[b]road general propositions." *Cope v. Cogdill*, 3 F.4th 198, 205 (5th Cir. 2021). This Court recently addressed this issue in *Biggers v. Massingill*, another limited public forum case. No. 4:23-CV-00359-P, 2026 WL 1346923, at *10–12 (N.D. Tex. May 14, 2026). There, a county judge stopped a speaker for alleged decorum violations during public comment at a public meeting. *Id.* at *7–10. The plaintiff argued the alleged violations were a pretext for viewpoint discrimination. *Id.* at *10. But the plaintiff only cited cases supporting "general principles of free speech and limited public forums," which did not provide enough "factual similarity" to "squarely govern the case at hand." *Id.* at *11. Thus, this Court held that the plaintiff failed to satisfy the clearly established prong. *Id.* at *12.

Here, as in *Biggers*, the relevant inquiry is whether "a reasonable presiding officer would recognize that removing a speaker for an alleged decorum violation clearly runs afoul of the First Amendment when invocation of the rule was mere pretext to viewpoint discrimination." *Id.* at *10. And like the plaintiff in *Biggers*, Plaintiff identifies no authority of factual similarity that would squarely govern that inquiry, but merely cites general principles of free speech.

Plaintiff cites the following cases to support the "clearly established" prong: *Cohen v. California*, 403 U.S. 15 (1971); *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942); *City of Houston v. Hill*, 482 U.S. 451 (1987); *R.A.V. v City of St. Paul*, 505 U.S. 377 (1991). ECF No. 1 at 16 n.17. These cases cannot possess the required specificity to be clearly established law because all four predate the Supreme Court's development of limited public forum jurisprudence in *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819 (1995), and *Good News Club v. Milford Central School*, 533 U.S. 98 (2001). Further, none of these cases involve public comment periods related to specific agenda items at public meetings. Thus, Plaintiff's cases are not "clearly established" law because they lack the required specificity.

Further, Plaintiff's conclusory allegations—that the Rules of Decorum are so flagrantly unconstitutional that any person of

reasonable prudence would be bound to see their flaws—cannot carry the day. *See* ECF No. 1 at 8. Thus, Plaintiff fails to state a claim that a reasonable official would have been on notice of "clearly established" law here. None of Plaintiff's cited case law addresses the contours of First Amendment rights in a limited public forum and Plaintiff fails to draw the required analogy to Judge O'Hare's actions.

3. Plaintiff fails to show that Judge O'Hare's conduct was objectively unreasonable.

Even if Plaintiff met his burden to point to "clearly established" law, Plaintiff still fails to show that Plaintiff's conduct was objectively unreasonable in light of that law.

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Al–Kidd*, 563 U.S. at 744. It "applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson*, 555 U.S. at 231 (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)).

Here, Plaintiff does not present facts showing that O'Hare's conduct was unreasonable beyond his conclusory assertions that Judge O'Hare knew his rules or his actions were unconstitutional. *See* ECF No. 1 at 8. Such conclusory assertions will not do. Therefore, Plaintiff fails to overcome Judge O'Hare's qualified immunity. Even assuming all facts in his complaint are true, Plaintiff fails to show that Judge O'Hare's actions were objectively unreasonable in light of clearly established law. He does not cite sufficiently specific case law or analyze the reasonableness of Judge O'Hare's actions beyond conclusory assertions in his complaint.

In sum, Plaintiff fails to show that Judge O'Hare's actions were objectively unreasonable in light of clearly established law governing limited public forums. Therefore, Plaintiff fails to meet its burden to overcome Judge O'Hare's qualified immunity and Judge O'Hare retains his "immunity from suit." *Wertenbroch*, 178 F.4th at 190; *Pearson*, 555 U.S. at 237; *Boyd*, 31 F.3d at 284.

**C. The Court will stay the remaining claims pending the parallel litigation to conserve judicial resources.**

The Court is persuaded to invoke its "inherent power" to "control . . . its docket with economy of time and effort" for all apprised parties by temporarily staying the matter. *Kerns*, 2026 WL 396358, at *9; *Landis*, 299 U.S. at 254. The related case before the Fifth Circuit is substantially similar in posture and involves the constitutionality of precisely the same county rules of decorum. *See Grisham v. O'Hare*, No. 26-10335 (5th Cir. filed April 14, 2026). Recognizing its "wide discretionary power to stay proceedings," the Court is wary that it must not grant a stay of an "immoderate or of an indefinite duration." *In re Ramu Corp.*, 903 F.2d at 318. In "consider[ing] the interests of the parties and potential conservation of judicial resources," four factors convince the Court to temporarily stay the case. *Greco*, 116 F. Supp. 3d at 761; *Landis*, 299 U.S. at 254–55.

*First*, Plaintiff is not prejudiced because the evidence is cemented electronically. Defendant argues that the "operative facts" of both cases are "fixed, undisputed, and preserved" because the videos, transcripts, and official minutes of the Commissioners Court meetings are safely in the record. ECF No. 27 at 4. The Court agrees. Plaintiff makes no suggestions to the contrary.

*Second*, Plaintiff is probably right that an open-ended stay would be "immoderate" in the sense *Landis* condemns. ECF No. 28 at 3 (quoting *Landis*, 299 U.S. at 257). Therefore, to prevent any potential prejudice to Plaintiff and to ensure the stay is "[]moderate," the stay will remain in effect only until the Fifth Circuit announces its decision, at which point the parties will have <u>seven days</u> to motion the Court to reopen the matter. Such an administrative closure prevents the "unknown and potentially lengthy duration" Plaintiff fears. ECF No. 28 at 3.

*Third*, unlike Plaintiff, Defendant will be prejudiced because the costs and consequences of discovery weigh greater on him and Tarrant County than on Plaintiff. Permitting litigation to proceed in the parallel matters would impose duplicative costs on Defendant, draining public funds two-fold in matters Tarrant County did not choose to be a part of.

The same cannot be said of Plaintiff. While the parallel case was initiated by Plaintiff's counsel, who represents himself in that matter, Plaintiff Kirkland is not a party to the matter. Defendant Judge O'Hare is, in his official capacity. Allowing the litigation to proceed forces Judge O'Hare and Tarrant County to bear the costs of litigation in two proceedings, neither of which they chose to initiate.

*Fourth*, judicial resources would be saved by staying the matter because it would avoid not only the duplication of efforts, but also the complete waste of effort if the Fifth Circuit invalidates the rules of decorum. The Fifth Circuit's decision could shift the future of this litigation entirely, if not eliminate it altogether.

Accordingly, the Court finds it prudent to exercise its "inherent power" to "control the disposition of the causes on its docket with economy of time and effort." *Kerns*, 2026 WL 396358, at *9. "[T]he interests of the parties and potential conservation of judicial resources" persuade the Court to stay the case until the Fifth Circuit renders its decision in the companion case. *Greco*, 116 F. Supp. 3d at 761; *Landis*, 299 U.S. at 254–55.

## CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motion to Reconsider, **GRANTS in part** Defendant O'Hare's Motion to Dismiss as to Plaintiff's First Amendment claim, and hereby **STAYS** the remaining claims. The Court **ORDERS** the Parties to file a motion to reopen the case within seven days of a decision from the Fifth Circuit.

Accordingly, the Court **DIRECTS** the Clerk of the Court to **ADMINISTRATIVELY CLOSE** the above-captioned case.

**SO ORDERED** on this **6th day of August 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE